File No. PI05-16989<br>Document No. 312684

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARL P. JACOBS and<br>JANET L. JACOBS,<br><br>    Plaintiffs,<br><br>v.<br><br>ERIKA M. SASEK and KIRK SASEK,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 06-487 (KAJ)<br>)<br>)  TRIAL BY JURY OF 12 DEMANDED<br>)<br>) |

## ANSWER

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

2. Admitted.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

4. Admitted.

## FACTUAL HISTORY

5. Admitted, upon information and belief, that Plaintiff Carl Jacobs was operating his automobile westbound on Atlantic Avenue on or about August 21, 2004. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

6. Admitted.

7. Admitted that Ms. Sasek was operating the automobile with the permission of Mr. Sasek. The remainder of the averment is denied.

8. Denied.

9.(a)-(d)  Denied.

10. Denied.

## COUNT I – CARL JACOBS

11. Defendants hereby re-allege and incorporate herein their Answers to Paragraphs 1-10 of the Complaint.

12. Denied as to any negligence on the part of Ms. Sasek. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

## COUNT II – JANET JACOBS

16. Defendants hereby re-allege and incorporate herein their Answers to Paragraphs 1-15 of the Complaint.

17. Denied as to any negligence on the part of Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

## COUNT III – CARL & JANET JACOBS

21. Defendants hereby re-allege and incorporate herein their Answers to Paragraphs 1-20 of the Complaint.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

24. Denied.

## FIRST AFFIRMATIVE DEFENSE

25. Plaintiffs' claims are barred, in whole or in part, to the extent that an intervening or superceding cause was the proximate cause of the accident.

## SECOND AFFIRMATIVE DEFENSE

26.  Plaintiffs' claims are barred, in whole or in part, to the extent that the accident was caused by the negligent acts of a third person.

## THIRD AFFIRMATIVE DEFENSE

27.  Plaintiffs' Complaint fails to state a cause of action against Kirk Sasek upon which relief can be granted.

WHEREFORE, Defendants request the Complaint be dismissed, with prejudice, costs paid by Plaintiffs.

HECKLER & FRABIZZIO

_____
DANIEL P. BENNETT, I.D. #2842
The Corporate Plaza
800 Delaware Avenue, Suite 200
P.O. Box 128
Wilmington, DE 19899-0128
Attorney for Defendants

Date: October 2, 2006

## CERTIFICATE OF SERVICE

I, Daniel P. Bennett, Esquire, of Heckler & Frabizzio, do hereby certify that on the 2nd day of October, 2006, two true and correct copies of the attached Answer were forwarded to the below individual via facsimile and first class mail:

Alan H. Silverberg, Esquire
Summerfield, Willen, Silverberg & Limsky, P.A.
10019 Reisterstown Road, Suite 301
Owing Mills, MD  21117

_____
DANIEL P. BENNETT