File No. PI05-16989
Document No. 326002

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CARL P. JACOBS and<br>JANET L. JACOBS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 06-487 (***) |
| ERIKA M. SASEK and KIRK SASEK, | ) ) | TRIAL BY JURY OF 12 DEMANDED |
| Defendants. | ) ) | |

## DEFENDANTS' INITIAL DISCOVERY DISCLOSURES
## PURSUANT TO RULE 26(a)

Pursuant to Fed. R. Sup. Civ. P. Rule 26(a)(1), Defendants hereby make the following disclosures:

A.    The name, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identify the subjects of the information.

**ANSWER:**   Other than the parties, none known to Defendants.

B.    Copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings.

**ANSWER:**   Attached please find the following:

1.    The Nationwide insurance policy covering the Sasek vehicle.

2.    Wage loss information provided by Plaintiff's counsel.

3.    Photographs of the vehicles involved in the accident.

4.    Traffic citation received by Erika Sasek.

5.    Police report.

In addition to the above, Defendants' counsel and Defendants' insurance carrier have received various medical records, reports, and bills from Plaintiffs' counsel.

C.    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**ANSWER:**    Not applicable.

D.    For inspection and copying under Rule 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or indemnify or reimburse for payments made to satisfy the judgment.

**ANSWER:**    Attached as Exhibit 1.  At the time of the incident, the Sasek vehicle was insured by Nationwide Mutual Insurance Company with liability limits of $100,000.00 per person/$300,000.00 per accident.

HECKLER & FRABIZZIO

DANIEL P. BENNETT, I.D. #2842
The Corporate Plaza
800 Delaware Avenue, Suite 200
P.O. Box 128
Wilmington, DE 19899-0128
Attorney for Defendants

Date:  December 29, 2006

## CERTIFICATE OF SERVICE

I, Daniel P. Bennett, Esquire, of Heckler & Frabizzio, do hereby certify that on the 29th day of December, 2006, two true and correct copies of the attached Defendants' Initial Discovery Disclosures Pursuant To Rule 26(a) were forwarded to the below individual via facsimile and first class mail:

Nellie M. Walsh, Esquire
Young Conaway Stargatt & Taylor
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Alan H. Silverberg, Esquire
Summerfield, Willen, Silverberg & Limsky, P.A.
10019 Reisterstown Road, Suite 301
Owing Mills, MD  21117


DANIEL P. BENNETT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CARL P. JACOBS and | ) | |
| JANET L. JACOBS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-487 (***) |
| | ) | |
| ERIKA M. SASEK and KIRK SASEK, | ) | TRIAL BY JURY OF 12 DEMANDED |
| | ) | |
| Defendants. | ) | |

**EXHBITS TO
DEFENDANTS' INITIAL DISCOVERY DISCLOSURES
<u>PURSUANT TO RULE 26(a)</u>**

DANIEL P. BENNETT, I.D. #2842
HECKLER & FRABIZZIO
The Corporate Plaza
800 Delaware Avenue, Suite 200
P.O. Box 128
Wilmington, DE 19899-0128
Attorney for Defendants

Date:   December 29, 2006

# EXHIBIT 1

**Nationwide**

# NATIONWIDE AUTO POLICY DECLARATIONS

Page 1 of 2

These Declarations are a part of the policy named above and identified by policy number below. They supersede any Declarations issued earlier. Your policy provides the coverages and limits shown in the schedule of coverages. They apply to each insured vehicle as indicated. Your policy complies with the motorists' financial responsibility laws of your state only for vehicles for which Property Damage and Bodily Injury Liability coverages are provided.

**Policy Number:**
54 37 B  587326

**Policyholder:**
**(Named Insured)**

V KIRK SASEK
3516 IDLEWOOD DRIVE
ERIE, PA 16510-1916

**Issued:**
JUN 11, 2004

**Policy Period From:**

JUL 06, 2004  to  JAN 06, 2005  but only if the required premium for this period has been paid and only for six  month renewal periods if renewal premiums have been paid as required. This policy is initially effective at (1) the time the application for insurance is completed, or (2) 12:01 a.m. on the first day of the policy period, whichever is later. Each renewal period begins and ends at 12:01 a.m. standard time at the address of the named insured stated herein. This policy cancels at 12:01 a.m. at the address of the named insured stated herein.

## INSURED VEHICLE(S) & SCHEDULE OF COVERAGES

**2.    1997 CHEV CAVALIER**                        ID #1G1JC5242V7122200

| Coverages | Limits Of Liability | Six Month Premium |
|---|---|---|
| COMPREHENSIVE | ACTUAL CASH VALUE | $  38.90 |
| COLLISION | ACTUAL CASH VALUE LESS $  250 | $ 125.10 |
| PROPERTY DAMAGE LIABILITY | $  50,000 EACH OCCURRENCE | $  72.60 |
| BODILY INJURY LIABILITY | $ 100,000 EACH PERSON | |
| | $ 300,000 EACH OCCURRENCE | |
| UNINSURED MOTORISTS-BODILY INJURY | (NON-STACKED) | $  58.10 |
| | $ 100,000 EACH PERSON | |
| | $ 300,000 EACH OCCURRENCE | |
| UNDERINSURED MOTORISTS-BODILY INJURY | (NON-STACKED) | $   5.90 |
| | $ 100,000 EACH PERSON | |
| | $ 300,000 EACH OCCURRENCE | |
| FIRST PARTY BENEFITS | | |
| OPTION 1-MEDICAL BENEFIT | $   5,000 | $  25.40 |
| OPTION 2-INCOME LOSS BENEFIT | $  10,000 TOTAL | $  21.50 |
| | $   1,000 MONTHLY | |
| OPTION 4-FUNERAL BENEFIT | $   2,500 | $   8.20 |
| LIMITED TORT | | .30 |
| | TOTAL | $ 356.00 |

**3.    1995 FORD WINDSTAR**                        ID #2FMDA5140SBC40014

| Coverages | Limits Of Liability | Six Month Premium |
|---|---|---|
| COMPREHENSIVE | ACTUAL CASH VALUE | $  49.30 |
| COLLISION | ACTUAL CASH VALUE LESS $  250 | $  84.00 |
| PROPERTY DAMAGE LIABILITY | $  50,000 EACH OCCURRENCE | $  65.30 |
| BODILY INJURY LIABILITY | $ 100,000 EACH PERSON | |
| | $ 300,000 EACH OCCURRENCE | |
| UNINSURED MOTORISTS-BODILY INJURY | (NON-STACKED) | $  52.50 |
| | $ 100,000 EACH PERSON | |
| | $ 300,000 EACH OCCURRENCE | |
| UNDERINSURED MOTORISTS-BODILY INJURY | (NON-STACKED) | $   5.90 |
| | $ 100,000 EACH PERSON | |
| | $ 300,000 EACH OCCURRENCE | |
| FIRST PARTY BENEFITS | | |
| OPTION 1-MEDICAL BENEFIT | $   5,000 | $  25.40 |
| OPTION 2-INCOME LOSS BENEFIT | $  10,000 TOTAL | $  19.30 |
| | $   1,000 MONTHLY | |
| OPTION 4-FUNERAL BENEFIT | $   2,500 | $   7.40 |
| LIMITED TORT | | .20 |
| | TOTAL | $ 309.30 |

V-100-A

INSURED DRIVERS:

| # | Driver Name | | Birth Date | Marital Status | License Number |
|---|---|---|---|---|---|
| 01 | VON KIRK | SASEK | 09/22/51 | MARRIED | 15419763 |
| 02 | CAROLYN | SASEK | 11/16/49 | MARRIED | 14027463 |
| 03 | ERICKA | SASEK | 01/13/79 | SINGLE | 25667500 |

APPLIED DISCOUNTS:

PASSIVE RESTRAINT     SAFE DRIVER          ACCIDENT FREE          MULTI CAR

Policy Form & Endorsements:    V037A 3272 *

Office Use:
DEC 12, 2003                              $    0.00
Issued By: NATIONWIDE MUTUAL  INSURANCE COMPANY   23787
Countersigned At: BUTLER, PA.                                    Home Office - Columbus, Ohio
                                        By: LARRY C   KLINGENSMITH

## IMPORTANT PHONE NUMBERS
Nationwide 24-Hour Claims Number: 1-800-421-3535
For QUESTIONS About Your Policy, Call Your NATIONWIDE AGENT : KLINGENSMITH FIN SERV INC
                                                              814-866-8671
For Hearing Impaired: TTY 1-800-622-2421
Nationwide Regional Office: 717-657-6400



BOX 2655 · HARRISBURG, PA 17105-2655
HOME OFFICE: COLUMBUS, OHIO

Based upon information and belief, this is a true and correct

copy of the policy for policy number  5437BS87326

as of  6-11-04              (accident date).

_____  3-2-05
Signature and Date

_____
Title

1-800-613-5059
Telephone Number

PENNRO 1076   7/93

NATIONWIDE MUTUAL INSURANCE COMPANY
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY
NATIONWIDE LIFE INSURANCE COMPANY

**Nationwide**

# NATIONWIDE AUTO POLICY DECLARATIONS

Page 1 of 2

These Declarations are a part of the policy named above and identified by policy number below. They supersede any Declarations issued earlier. Your policy provides the coverages and limits shown in the schedule of coverages. They apply to each insured vehicle as indicated. Your policy complies with the motorists' financial responsibility laws of your state only for vehicles for which Property Damage and Bodily Injury Liability coverages are provided.

**Policy Number:**
54  37  B    587326

**Issued:**
JUN 11, 2004

**Policyholder:**
(Named Insured)

V KIRK SASEK
3516 IDLEWOOD DRIVE
ERIE, PA 16510-1916

**Policy Period From:**

JUL 06, 2004  to   JAN 06, 2005   but only if the required premium for this period has been paid and only for six    month renewal periods if renewal premiums have been paid as required. This policy is initially effective at (1) the time the application for insurance is completed, or (2) 12:01 a.m. on the first day of the policy period, whichever is later. Each renewal period begins and ends at 12:01 a.m. standard time at the address of the named insured stated herein. This policy cancels at 12:01 a.m. at the address of the named insured stated herein.

## INSURED VEHICLE(S) & SCHEDULE OF COVERAGES

**2.      1997 CHEV CAVALIER**          ID #1G1JC5242V7122200

| Coverages | Limits Of Liability | Six Month Premium |
|---|---|---|
| COMPREHENSIVE | ACTUAL CASH VALUE | $     38.90 |
| COLLISION | ACTUAL CASH VALUE LESS $   250 | $    125.10 |
| PROPERTY DAMAGE LIABILITY | $    50,000 EACH OCCURRENCE | $     72.60 |
| BODILY INJURY LIABILITY | $   100,000 EACH PERSON | |
| | $   300,000 EACH OCCURRENCE | |
| UNINSURED MOTORISTS-BODILY INJURY | (NON-STACKED) | $     58.10 |
| | $   100,000 EACH PERSON | |
| | $   300,000 EACH OCCURRENCE | |
| UNDERINSURED MOTORISTS-BODILY INJURY | (NON-STACKED) | $      5.90 |
| | $   100,000 EACH PERSON | |
| | $   300,000 EACH OCCURRENCE | |
| FIRST PARTY BENEFITS | | $     25.40 |
| OPTION 1-MEDICAL BENEFIT | $     5,000 | |
| OPTION 2-INCOME LOSS BENEFIT | $    10,000 TOTAL | $     21.50 |
| | $     1,000 MONTHLY | |
| OPTION 4-FUNERAL BENEFIT | $     2,500 | $      8.20 |
| LIMITED TORT | | $       .30 |
| | TOTAL | $    356.00 |

**3.      1995 FORD WINDSTAR**          ID #2FMDA5140SBC40014

| Coverages | Limits Of Liability | Six Month Premium |
|---|---|---|
| COMPREHENSIVE | ACTUAL CASH VALUE | $     49.30 |
| COLLISION | ACTUAL CASH VALUE LESS $   250 | $     84.00 |
| PROPERTY DAMAGE LIABILITY | $    50,000 EACH OCCURRENCE | $     65.30 |
| BODILY INJURY LIABILITY | $   100,000 EACH PERSON | |
| | $   300,000 EACH OCCURRENCE | |
| UNINSURED MOTORISTS-BODILY INJURY | (NON-STACKED) | $     52.50 |
| | $   100,000 EACH PERSON | |
| | $   300,000 EACH OCCURRENCE | |
| UNDERINSURED MOTORISTS-BODILY INJURY | (NON-STACKED) | $      5.90 |
| | $   100,000 EACH PERSON | |
| | $   300,000 EACH OCCURRENCE | |
| FIRST PARTY BENEFITS | | $     25.40 |
| OPTION 1-MEDICAL BENEFIT | $     5,000 | |
| OPTION 2-INCOME LOSS BENEFIT | $    10,000 TOTAL | $     19.30 |
| | $     1,000 MONTHLY | |
| OPTION 4-FUNERAL BENEFIT | $     2,500 | $      7.40 |
| LIMITED TORT | | $       .20 |
| | TOTAL | $    309.30 |

V-100-A

Page 2 of 2

INSURED DRIVERS:

| # | Driver Name | | Birth Date | Marital Status | License Number |
|---|---|---|---|---|---|
| 01 | VON KIRK | SASEK | 09/22/51 | MARRIED | 15419763 |
| 02 | CAROLYN | SASEK | 11/16/49 | MARRIED | 14027463 |
| 03 | ERICKA | SASEK | 01/13/79 | SINGLE | 25667500 |

APPLIED DISCOUNTS:

PASSIVE RESTRAINT    SAFE DRIVER        ACCIDENT FREE        MULTI CAR

Policy Form & Endorsements:   V037A 3272 *

Office Use:
　　　　DEC 12, 2003                      $      0.00

Issued By: NATIONWIDE MUTUAL INSURANCE COMPANY   23787                Home Office – Columbus, Ohio
Countersigned At: BUTLER, PA.                        By: LARRY C   KLINGENSMITH

## IMPORTANT PHONE NUMBERS

Nationwide 24-Hour Claims Number: **1-800-421-3535**

For QUESTIONS About Your Policy, Call Your NATIONWIDE AGENT : KLINGENSMITH FIN SERV INC
814-866-8671

For Hearing Impaired: TTY **1-800-622-2421**

Nationwide Regional Office: **717-657-6400**



Endorsement 3272

## *Limited Tort Option Election*

*(Pennsylvania)*

Please attach this important addition to your auto policy.

## ADDITIONAL DEFINITIONS APPLICABLE TO THIS ENDORSEMENT

"NAMED INSURED" means an individual identified by name as an insured in a policy of **private passenger motor vehicle** insurance.

"PRIVATE PASSENGER MOTOR VEHICLE" means a four-wheel **motor vehicle**, except recreational vehicles not intended for highway use, which is insured by a natural person and:

    (1) is a **private passenger auto** neither used as a public or livery conveyance nor rented to others; or

    (2) has a gross weight not exceeding 9,000 pounds and is not principally used for commercial purposes other than farming.

The term does not include any **motor vehicle** insured exclusively under a policy covering garage, automobile sales agency repair shop, service station or public parking place operation hazards.

"SERIOUS INJURY" means a personal injury resulting in death, serious impairment of body function or permanent serious disfigurement.

## ELECTION AGREEMENT

A **named insured** has elected to limit the right to seek financial compensation for injuries caused by other drivers as follows:

## LIMITED TORT

Any **named insured** and **relative** is limited from seeking recovery for **non-economic loss** resulting from an accident involving the operation, maintenance or use of a **motor vehicle** as a **motor vehicle**. This tort limitation applies to a **named insured** for all policies issued by **us** to such **named insured**, even if not so endorsed. It continues on all renewal, replacement and any other policies under which a **named insured** is listed as a **named insured**, until **we** or **our** agent receive a properly executed form electing another tort option.

The tort limitation applies to a **relative** unless such **relative** is:

    1) a **named insured** on another policy under which the **relative** has not elected a tort limitation; or

    2) is an **insured** under more than one **private passenger motor vehicle** policy and the policies have conflicting tort options; in which case the **relative** is bound by the tort option of the policy insuring the **motor vehicle** the **relative** is occupying at the time of an accident.

## EXCEPTIONS

A **named insured** or **relative** remains eligible to seek **non-economic loss** if the sustained injury:

1. is a **serious injury**.

2. results as the consequence of the fault of another person who:

    a. is convicted, or accepts Accelerated Rehabilitative Disposition (ARD) for driving under the influence of alcohol or a controlled substance in an accident;

    b. is operating a **motor vehicle** registered in another state;

V-3272

c.  intends to injure himself or another person, provided that an individual does not intentionally injure himself or another person merely because his act or failure to act is intentional or done with his realization that it creates a grave risk of causing injury or the act or omission causing the injury is for the purpose of averting bodily harm to himself or another person; or

d.  has not maintained financial responsibility as required by the Pennsylvania Motor Vehicle Financial Responsibility Law. However, this exception, (2) (d), shall not affect an **insured's** limitation to recover **non-economic loss** under any Uninsured or Underinsured Motorists Coverages provided by this or any other policy.

3.  is the basis for a claim against a person in the business of designing, manufacturing, repairing, servicing or otherwise maintaining **motor vehicles** arising out of a defect in such **motor vehicle** which is caused by or not corrected by an act or omission in the course of such business, other than a defect in a **motor vehicle** which is operated by such business.

4.  occurs while **occupying a motor vehicle** other than a **private passenger motor vehicle**.

## COMPLIANCE

The intent of this endorsement is to comply with the Pennsylvania Motor Vehicle Financial Responsibility Law regarding the election of the "limited tort" option. Nothing herein is intended to nor is to be construed to broaden the limitations prescribed in the law and applicable to **named insureds** and **relatives** covered by this policy and this endorsement.

This endorsement applies as stated in the policy Declarations.

This endorsement is issued by the company shown in the Declarations as the issuing company.

**NATIONWIDE INSURANCE COMPANIES**
**Home Office:  Columbus, Ohio 43215-2220**

V-3272

# *Table Of Contents*

| | Page |
|---|---|
| INSURING AGREEMENT | D1 |
| DEFINITIONS | D1 |
| TERRITORY | D2 |

COVERAGES:

Physical Damage .......................................................... P1–P6
(damage to your auto)

    Comprehensive
    Collision
    Towing and Labor

Auto Liability ............................................................. L1–L5
(for damage or injury to others caused by your auto)

    Property Damage and Bodily Injury

First Party Benefits ...................................................... F1–F5

Uninsured Motorists ..................................................... U1–U5
(for bodily injury caused by uninsured motorists)

Underinsured Motorists ................................................ UI1–UI5
(for bodily injury caused by underinsured motorists)

## GENERAL POLICY CONDITIONS

| | |
|---|---|
| Insured Persons' Duties After an Accident or Loss | G1 |
| How Your Policy May Be Changed | G1 |
| Optional Payment of Premium in Installments | G1 |
| Renewal/Non-Renewal | G1 |
| Cancellation During Policy Period | G2 |
| Dividends | G2 |
| If You Become Bankrupt | G2 |
| Unauthorized Use of Other Motor Vehicles | G2 |
| Fraud and Misrepresentation | G3 |
| Legal Action Limitations | G3 |
| Subrogation | G3 |
| Non-Sufficient Funds | G3 |
| Unlicensed Drivers | G4 |

## MUTUAL POLICY CONDITIONS

Nationwide Mutual Insurance Company
Nationwide Mutual Fire Insurance Company ...................................... G4

    b) damage or injury to it; and

    c) loss of its use.

13. "NON-ECONOMIC LOSS" means pain and suffering and other non-monetary detriment.

14. "BIOLOGICAL DETERIORATION OR DAMAGE" meaning damage or decomposition, breakdown, and/or decay of manmade or natural material due to the presence of fungi, algae, lichens, slime, mold, bacteria, wet or dry rot and any by-products of these organisms, however produced. Fungi as used above include, but are not limited to: yeasts, mold, mildew, rust, smuts, or fleshy fungi such as mushrooms, puffballs and coral fungi.

Other words are also defined. All defined words are in bold print.

# Territory

The policy applies in Canada, the United States of America and its territories or possessions, or between their ports. All coverages except Uninsured Motorists and Underinsured Motorists apply to occurrences in Mexico, if within 50 miles of the United States boundary. We will base the amount of any Comprehensive or Collision loss in Mexico on cost at the nearest United States point.

This policy does not apply in any territory except as stated in this provision.

NOTE: You will need to buy auto insurance from a Mexican insurance company--regardless of coverage provided by this policy--before driving in Mexico. Otherwise, you may be subject to jail detention, auto impoundment, and other legal complications in case of an accident.

## TOWING AND LABOR COSTS COVERAGE

We will pay towing and labor costs if **your** **auto** is disabled. We will pay only for labor costs at the place where **your** **auto** is disabled. Our maximum payment per disablement is shown in the Declarations.

# *Coverage Extensions*

## USE OF TRAILERS

The insurance on **your** **auto** covers a trailer used by **you** or a **relative**.

1. The trailer must be:
   a) designed for use with a **private passenger auto**; and
   b) used with a vehicle that is insured under these coverages.
2. The trailer must not be:
   a) otherwise insured;
   b) owned by **you** or a **relative**; or
   c) used for business purposes with a vehicle that's not a **private passenger auto**.
3. The maximum amount payable is $500.

## USE OF OTHER MOTOR VEHICLES

The insurance on **your** **auto** also covers other **motor vehicles** as follows:

1. A **motor vehicle** **you** do not own, while it is used in place of **your** **auto** for not more than 30 days. **Your** **auto** must be out of use because of:
   a) breakdown;
   b) repair;
   c) servicing; or
   d) **loss**.
2. A four-wheel **motor vehicle** newly acquired by **you**. **You** must report the acquisition of the vehicle to **us** during the first 30 days **you** own the vehicle. Also, if the newly acquired vehicle does not replace **your** **auto**, all household vehicles owned by **you** must be insured by **us** or an affiliate for this extension of coverage to apply.

   We provide this coverage only if **you** do not have other collectible insurance. **You** must pay any added premium resulting from this coverage extension.
3. A **private passenger auto** owned by a non-member of **your** household and not covered in item 1. of this section.
   a) This applies only while such auto is used by **you** or a **relative**.
   b) We will not pay for **loss**:
      (1) that results from the operation of an auto:
         (a) repair shop;
         (b) public garage or parking place;
         (c) sales agency; or
         (d) service or maintenance facility.
      (2) involving a **private passenger auto** owned by an employer of an **insured**.
      (3) involving a **private passenger auto** furnished or available to **you** or a **relative** for regular use.
      (4) to any rented **motor vehicle**.
4. A rented **private passenger auto**, including its loss of income.
   a) This applies only:
      (1) while such auto is rented by **you** or a **relative**;
      (2) if such auto is rented from a rental company for less than 28 days; and
      (3) for loss of income that is:
         (a) verifiable by **us**; and

6. Caused by and limited to:
    a) wear and tear;
    b) freezing;
    c) mechanical or electrical breakdown or failure.

    This exclusion (6.) does not apply to Towing and Labor coverage.

7. To any **motor vehicle** while used:
    a) to carry persons or property for a fee; or
    b) for retail or wholesale delivery, including but not limited to pizza, magazine, newspaper and mail delivery.

    This exclusion (7.) does not apply to **motor vehicles** used in shared-expense car pools.

8. To any **motor vehicle** due to an act of war, including insurrection, rebellion or revolution.

9. To any **motor vehicle** which occurs:
    a) while it is being used on a temporary or permanent basis, for the transportation of, or in exchange for, any illegal substance, or in connection with any criminal trade or transaction by:
        (1) **you**;
        (2) a **relative**; or
        (3) anyone else with **your** knowledge or permission; or
    b) due to confiscation of **your auto** by any law enforcement agency because of **your auto's** use in such activities.

10. Caused intentionally by or at the direction of an **insured**, including willful acts the result of which the **insured** knows or ought to know will follow from the **insured's** conduct.

11. To **your auto** while rented or leased to others.

12. To a **motor vehicle**, while being used in any prearranged or organized racing, speed, demolition, stunting activity, competitive event, or driver's education course conducted on a racetrack; or in practice or preparation for such event or course.

13. To **your auto** or any other **motor vehicle** due to diminution in value or depreciation.

14. Caused by or resulting from nuclear hazard, meaning any:
    a) nuclear reaction;
    b) nuclear discharge;
    c) radiation; or
    d) radioactive contamination;

    whether controlled or uncontrolled or however caused, or as a consequence of any of these. **Loss** caused by nuclear hazard is not considered **loss** caused by fire, smoke or explosion.

15. Caused directly or indirectly by **biological deterioration or damage.** Such **loss** is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the **loss.**

# *Limits and Conditions of Payment*

## ACTUAL CASH VALUE

The limit of **our** coverage is the actual cash value of **your auto** or its damaged parts at the time of **loss**. To determine actual cash value, we will consider:

1. fair market value;

2. age; and

3. condition of the property;

*Physical Damage* _____

To the extent of payment to the lienholder, **the company** will be entitled to the lienholder's rights of recovery. **The company** will do nothing to impair the right of the lienholder to recover the full amount of its claim.

# *Assignability*

No interest in these coverages can be transferred without our written consent.    However, if the **policyholder** dies, the coverages will stay in force for the rest of the policy period.  They will apply for anyone having proper temporary custody of **your auto**.

*Auto Liability*

# *Coverage Extensions*

## USE OF TRAILERS

1.  This coverage applies to the use of a trailer by:
    a) you;
    b) a relative; or
    c) someone else with your permission.
2.  The trailer must be:
    a) designed for use with a **private passenger auto**; and
    b) used with a vehicle that is insured under this coverage.
3.  The trailer must not be used for business purposes with a vehicle that's not a **private passenger auto**.

## USE OF OTHER MOTOR VEHICLES

This coverage also applies to certain other **motor vehicles** as follows:

1.  A **motor vehicle** you do not own, while it is used in place of your auto for not more than 30 days. Your auto must be out of use because of:
    a) breakdown;
    b) repair;
    c) servicing; or
    d) loss.
2.  A four-wheel **motor vehicle** newly acquired by you. This coverage applies only during the first 30 days you own the vehicle unless it replaces your auto. If the newly acquired vehicle does not replace your auto, all household vehicles owned by you must be insured by us or an affiliate for this extension of coverage to apply.

    We provide this coverage only if you do not have other collectible insurance. You must pay any added premium resulting from this coverage extension.
3.  A **motor vehicle** owned by a non-member of your household and not covered in item 1. of this section.
    a) This applies only while the vehicle is being used by you or a relative. It protects you or the relative as the operator, and any person or organization, except as noted below in b), who does not own the vehicle but is legally responsible for its use.
    b) This does not apply to losses involving a **motor vehicle**:
       (1) used in the business or occupation of you or a relative except a **private passenger auto** used by you, your chauffeur, or your household employee;
       (2) owned, rented or leased by an employer of an **insured**;
       (3) rented or leased by anyone for or on behalf of an employer of an **insured**; or
       (4) furnished or available to you or a relative for regular use. Furnished for regular use does not include a **motor vehicle** rented from a rental company for less than 28 days.

## FINANCIAL RESPONSIBILITY

We will adjust this policy to comply:

1.  With the financial responsibility law of any state or province which requires higher liability limits than those provided by this policy.
2.  With the kinds and limits of coverage required of non-residents by any compulsory **motor vehicle** insurance law, or similar law.

However, any loss payment under this coverage will be made only over and above any other collectible motor vehicle insurance. In no case will anyone be entitled to duplicate payments for the same loss.

When we certify this policy as proof under any financial responsibility law, it will comply with the law to the extent of the coverage required by the law.

11. Bodily injury or property damage arising out of the ownership, maintenance or use of a motor vehicle, while being used in any prearranged or organized racing, speed, demolition, stunting activity, competitive event, or driver's education course conducted on a racetrack; or in practice or preparation for such event or course.

12. Bodily injury arising directly or indirectly from the inhalation of, ingestion of, contact with, exposure to, existence of or presence of any fungi, algae, lichens, slime, mold, bacteria, wet or dry rot and any by-products of these organisms, however produced. Fungi as used above include, but are not limited to yeasts, mold, mildew, rust, smuts, or fleshy fungi such as mushrooms, puffballs and coral fungi.

13. Property damage caused directly or indirectly by biological deterioration or damage. Such loss is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

# *Limits and Conditions of Payment*
## AMOUNTS PAYABLE FOR LIABILITY LOSSES

Our obligation to pay Property Damage or Bodily Injury Liability losses is limited to the amounts per person and per occurrence stated in the Declarations. The following conditions apply to these limits:

1. The limit shown:
   a) for Property Damage Liability is for all property damage in one occurrence.
   b) for Bodily Injury Liability for any one person applies to one person's bodily injury, including death, and includes all claims resulting from or arising out of that one person's bodily injury, including death. This per person policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the Declarations or policy, or vehicles involved in the accident.
   c) for Bodily Injury Liability for each occurrence is, subject to the per person limit described in paragraph b) above, the total limit of our liability for all legal damages when two or more persons sustain bodily injury, including death, as a result of one occurrence. The per occurrence policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the Declarations or policy, or vehicles involved in the accident.

2. Liability limits apply as stated in the Declarations. The insuring of more than one person or vehicle under this policy does not increase our liability limits.

3. In any loss covered under items 2. and 3. of "USE OF OTHER MOTOR VEHICLES," the highest liability limit applicable to any one vehicle on this policy will apply.

4. A motor vehicle and attached trailer are considered one vehicle for Auto Liability coverage.

5. Any payment under this coverage shall be reduced by any amount paid under the Uninsured Motorists or Underinsured Motorists coverage of this policy.

## OTHER INSURANCE

1. In any loss involving the use of your auto, we will be liable for only our share of the loss if there is other collectible liability insurance. Our share is our proportion of the total insurance limits for the loss.

2. For losses covered under "USE OF OTHER MOTOR VEHICLES," our coverage is excess over any other collectible:
   a) insurance;
   b) self insurance;
   c) proceeds from a governmental entity; or
   d) sources of recovery.



# First Party Benefits

## Coverage Agreement

This coverage provides First Party Benefit options in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law. The options and limits which the **policyholder** has selected are shown in the Declarations.

We will pay First Party Benefits for the **bodily injury** of an **insured** as a result of an accident that arises out of the maintenance or use of a **motor vehicle** as a **motor vehicle**. We will pay these benefits regardless of who is at fault in the accident.

### ADDITIONAL DEFINITIONS APPLICABLE TO THIS COVERAGE

For purposes of this coverage:

1. "RELATIVE" means the following residents of the **policyholder's** household:

    a) spouse;

    b) anyone related to the **policyholder** or spouse by blood, marriage or adoption; and

    c) a minor in the legal custody of the **policyholder** or such **relative**.

    A **relative** may live temporarily outside the household.

2. "MOTOR VEHICLE" means any vehicle which is self-propelled, except one which is propelled:

    a) solely by human power; or

    b) by electric power obtained from overhead trolley wires but not operated upon rails.

3. "NECESSARY MEDICAL TREATMENT AND REHABILITATIVE SERVICES" means:

    a) treatment;

    b) accommodations; and

    c) products or services;

    which are determined to be necessary by a licensed health care provider unless they shall have been found or determined to be unnecessary by a state-approved Peer Review Organization (PRO).

### INSUREDS

The **policyholder** and **relatives** are covered while **occupying** or injured by any **motor vehicle**.

Persons other than the **policyholder** and **relatives** are covered:

    a) while occupying **your auto**.

    b) as non-occupants of a **motor vehicle** if injured as a result of an accident in Pennsylvania involving **your auto**.

## Options

### OPTION 1 – MEDICAL BENEFIT

We will pay all reasonable expenses for **necessary medical treatment and rehabilitative services**.

We will pay such expenses up to the limit shown on the Declarations.

Subject to the applicable provisions of the Motor Vehicle Responsibility Law concerning the statute of limitations, there is no time limitation for this benefit, provided that, within 18 months after the date of the accident, it is determined with reasonable medical probability that further expenses may be incurred as a result of the injury.

## OPTION 6 – EXCESS MEDICAL BENEFITS

If this option is selected by payment of premium, we will pay the Excess Medical Benefits for an insured who suffers accidental **bodily injury** from a covered accident. Excess Medical Benefits are reasonable expenses for necessary **medical treatment and rehabilitative services**. We will pay such expenses in excess of $100,000 but not to exceed one million dollars. We will not pay Excess Medical Benefits to an **insured** who is not eligible for Option 1--Medical Benefits under this policy.

Our liability to one person in one accident is $50,000 per year. Subject to this limit for any one person in any one year, our aggregate limit for any one person is one million dollars for any one accident. During the first 18 months of eligibility, we shall approve payments for an **insured** without regard to the $50,000 per year limit. For purposes of this option, the first 18 months of eligibility begins when the **insured** has incurred $100,000 of eligible **necessary medical treatment and rehabilitative services** expenses.

If the **insured** is covered by Option 5--Combined Loss Benefits package (or a similar auto benefits package with another insurer), applicable Medical Benefit limits greater than $100,000 in such package shall be excess over any sums paid or payable under Excess Medical Benefits.

# *Coverage Exclusions*

We will not pay First Party Benefits in certain circumstances, as follows:

1.  The **policyholder** and **relatives** are not covered for **bodily injury** arising out of the maintenance or use of a **motor vehicle** that the **policyholder** owns that is not an insured **motor vehicle**. An insured **motor vehicle** is one on which there are First Party Benefits and to which the Auto Bodily Injury Liability coverage in this policy applies.

2.  There is no coverage for **bodily injury to a relative** arising out of the maintenance or use of a **motor vehicle** owned by such **relative** which is not insured for First Party Benefits and Auto Bodily Injury Liability coverage under this or any other policy.

3.  There is no coverage for anyone while **occupying** a:
    a)  motorcycle;
    b)  motor-driven cycle;
    c)  motorized pedalcycle, or similar type vehicles; or
    d)  a recreational vehicle not intended for highway use.

4.  There is no coverage for anyone, other than the **policyholder** or a **relative**, who knowingly converts a **motor vehicle**.

5.  There is no coverage for anyone injured by **your auto** while it is unoccupied and parked so as not to cause unreasonable risk of injury.

6.  There is no coverage for use of any **motor vehicle** by an **insured**:
    a)  to carry persons or property for a fee; **or**
    b)  for retail or wholesale delivery, including but not limited to pizza, magazine, newspaper and mail delivery.

    This exclusion does not apply to **motor vehicles** used in the shared-expense car pools.

7.  There is no coverage for anyone, other than the **policyholder**, who is the owner of a currently registered **motor vehicle** and who does not have financial responsibility. Financial responsibility means the type of financial responsibility that was self-certified to the Department of Transportation to obtain the registration.

8.  We will not pay any benefits to or for anyone who injures themselves:
    a)  or another intentionally, including an attempt to intentionally injure themselves or another;
    b)  while committing a felony; or
    c)  while seeking to elude lawful apprehension or arrest by a law enforcement official.

## NO DUPLICATION OF BENEFITS; OTHER INSURANCE

In any occurrence where other similar auto insurance or self-insurance of equal priority to that provided in this coverage is available and the claim is first presented to **us**, we will process and pay the claim as if wholly responsible up to the limits of **our** policy. The total limits available from all such insurance will be considered not to exceed the highest limits available from any one source of coverage.

In no instance may an **insured** or legal representative recover duplicate benefits from the same elements of loss under this and other similar auto insurance or self-insurance.

## WORKERS' COMPENSATION REDUCTION

There is no coverage for **bodily injury** occurring during the course and scope of employment if workers' compensation benefits are payable or available for the **bodily injury**. Any amount payable to anyone under this coverage will only be in excess of and not in duplication of any valid and collectible workers' compensation benefit.

# *Insured Persons' Duties*

The **insured**, or someone on the **insured's** behalf, will report any accident to **us** in writing as soon as practicable. This report will identify the **injured** and give reasonably obtainable information about the time, place and circumstances of the accident.

As soon as practicable, the **insured** or someone on the **insured's** behalf will submit written proof of claim to **us**, under oath if required. This proof will include detailed information about the nature and extent of **bodily injury**, treatment and rehabilitation received and contemplated, and anything else that may help **us** determine what benefits are payable in what amounts.

The **injured** person must grant **us** authorization, if **we** request it, to obtain copies of medical, income and income tax reports and records.

**Injured** persons must submit to examinations by company-selected physicians as often as the company reasonably requires. The **injured** person must submit to examination under oath as often as reasonably requested by **us**.

b) repair,

c) servicing, or

d) loss.

3. A four-wheel **motor vehicle** newly acquired by **you**. This applies only during the first 30 days **you** own the vehicle, unless it replaces **your auto**.

## RECOVERY

1. Before recovery, **we** and any injured party seeking protection under this coverage must agree on two points:

   a) whether there is legal right to recover damages from the owner or driver of an **uninsured motor vehicle**; and if so,

   b) the amount of such damages.

   If agreement can't be reached, the matter will go to **arbitration**.

2. Questions between the injured party and **us** regarding whether the injured party is an **insured** under this coverage, or the limits of such coverage, are not subject to **arbitration** and shall be decided by a court of law.

3. Any judgment against the uninsured will be binding on **us** only if it has **our** written consent.

4. The injured party shall provide notice of an uninsured motorist claim within two years after the date of the accident. If the injured party fails to provide such notice, and this failure precludes **our** ability to subrogate against liable parties, coverage may be denied as provided in Insured Persons' Duties No. 2 below.

5. Where multiple policies apply, payment shall be made in the following order of priority:

   a) a policy covering a **motor vehicle** occupied by the injured person at the time of the accident.

   b) a policy covering a **motor vehicle** not involved in the accident with respect to which the injured person is an insured.

6. Where multiple sources of equal priority apply, the **insured** against whom a claim is asserted first under the priorities set forth in 5. above shall process and pay the claim as if wholly responsible. **We** are thereafter entitled to recover contribution pro rata from the other insurer for the benefits paid and the cost of processing the claim.

# *Coverage Exclusions*

This coverage does not apply to:

1. Use of any **motor vehicle**:

   a) to carry persons or property for a fee; or

   b) for retail or wholesale delivery, including but not limited to pizza, mazagine, newspaper and mail delivery.

   This exclusion does not apply to **motor vehicles** used in shared-expense car pools.

2. Use of any **motor vehicle** by an **insured** without the owner's permission.

3. Punitive or exemplary damages.

4. Directly or indirectly benefit any workers' compensation or disability benefits carrier, or any person or organization qualifying as a "self-insurer" under a workers' compensation, disability benefits, or similar law. To the extent that workers' compensation, disability or self-insured benefits under workers' compensation are paid or payable, this coverage is excess.

5. **Bodily injury** suffered while occupying or struck by a **motor vehicle** owned by **you** or a **relative**, but not insured for auto liability coverage under this or any other policy.

3. Each party will pay its chosen **arbitrator**. Each will pay half of the neutral **arbitrator's** expenses. Fees to lawyers and expert witnesses are to be paid by the party hiring them.

4. **Arbitration** shall be conducted in accordance with the provisions of the Pennsylvania Arbitration Act of 1927.

5. Discovery under **arbitration** should proceed in accordance with requirements of the Pennsylvania Rules of Civil Procedure unless both parties agree otherwise, with the chair of the **arbitration** panel resolving all disputes regarding discovery.

6. Evidence and testimony under **arbitration** must be presented in accordance with the Pennsylvania Rules of Evidence unless both parties agree otherwise.

# *Our Right to Recovery*

This applies to the extent of any payment we make under this coverage. We will have first right to any amount the **insured** receives from any liable party. The **insured** will:

1. Hold in trust for us his right to recover against any such party; and

2. Furnish us all papers in any suit the **insured** files.

Our payment of a claim may result from the insolvency of an insurer. If so, we have the right to recover from the insurer, but not its insured.

# *Limits and Conditions of Payment*

## AMOUNTS PAYABLE FOR UNINSURED MOTORISTS LOSSES

We agree to pay losses up to the limits stated in the policy Declarations. The following applies to these limits:

1. The Uninsured Motorists bodily injury limit shown for any one person is for all legal damages, including all derivative claims, claimed by anyone due to **bodily injury** to one person as a result of one occurrence.

   The per-person limit is the total amount available when one person sustains **bodily injury**, including death, as a result of one occurrence. No separate limits are available to anyone for derivative claims, statutory claims, or any other claims made by anyone arising out of **bodily injury**, including death, to one person as a result of one occurrence.

   The total limit or **our** liability shown for each occurrence is the total amount available when two or more persons sustain **bodily injury**, including death, as a result of one occurrence. In no event shall any one person recover more than the per-person limit shown.

2. Coverage applies as stated in the Declarations. The insuring of more than one person or vehicle under this policy does not increase **our** Uninsured Motorists payment limits. In no event will any **insured** be entitled to more than the highest per-person limit applicable to any one **motor vehicle** under this policy or any other policy issued by **us**. However, if **your** Declarations show **you** have elected "Uninsured Motorists--Bodily Injury Stacked" coverage, the sum of limits for **your autos** apply to **you** or a **relative** as stated in the Declarations.

3. Any payment under this coverage shall be reduced by any amount paid under the Auto Liability coverage of this policy.

4. The **insured** may recover for **bodily injury** under the Auto Liability coverage or the Uninsured Motorists coverage of this policy, but not under both coverages.

## OTHER INSURANCE

If there is other insurance:

1. For **bodily injury** suffered by an **insured** while occupying a **motor vehicle you** do not own, **we** will pay the insured loss not covered by other insurance.

# *Underinsured Motorists*

<u>(for bodily injury caused by underinsured motorists)</u>

## ADDITIONAL DEFINITIONS APPLICABLE TO THIS COVERAGE

1. "ARBITRATION" means a forum for resolving questions subject to arbitration.

2. "ARBITRATOR" means the person conducting the arbitration.

3. An "UNDERINSURED MOTOR VEHICLE" is a motor vehicle for which bodily injury liability coverage, bonds or insurance are in effect. However, their total amount is insufficient to pay the damages an insured is entitled to recover. We will pay damages that exceed such total amount.

   We will not consider as an underinsured motor vehicle:

   a) a motor vehicle that is "self-insured" under any law;

   b) any motor vehicle owned by the government of the United States of America or any of its agencies;

   c) any vehicle in use as a residence or premises;

   d) any equipment or vehicle designed for use mainly off public roads except while on public roads;

   e) any motor vehicle insured under the Auto Liability coverage of this policy or any other policy; nor

   f) any motor vehicle furnished for the regular use of you, a resident, or a relative.

## *Coverage Agreement*

### YOU AND A RELATIVE

We will pay compensatory damages, including derivative claims, which are due by law to you or a relative from the owner or driver of an underinsured motor vehicle because of bodily injury suffered by you or a relative. Damages must result from an accident arising out of the:

1. ownership;

2. maintenance; or

3. use;

of the underinsured motor vehicle.

### OTHER PERSONS

We will also pay compensatory damages, including derivative claims, which are due by law to other persons who suffer bodily injury while occupying:

1. Your auto.

2. A motor vehicle you do not own, while it is used as a temporary substitute for your auto. Your auto must be out of use because of:

   a) breakdown;

   b) repair;

   c) servicing; or

   d) loss.

3. A four-wheel motor vehicle newly acquired by you. This applies only during the first 30 days you own the vehicle, unless it replaces your auto.

9. Bodily injury suffered while occupying a motor vehicle being used in any prearranged or organized racing, speed, demolition, stunting activity, competitive event, or driver's education course conducted on a racetrack; or in practice or preparation for such event or course.

10. Bodily injury to you or a relative using a non-owned motor vehicle that is available for regular use by you or a relative.

# Insured Persons' Duties

1. The insured must:
   a) submit written proof of claim to us. It must be under oath, if required. It must include details of:
      (1) the nature and extent of injuries;
      (2) treatment; and
      (3) any other facts which could affect the amount of payment.
   b) provide all facts of the accident and the names of all witnesses.
   c) submit to oral examination under oath as often as we require with good reason.
   d) be examined by doctors, including doctors examining the insured for rehabilitation purposes, or vocational specialists, chosen by us as often as we require with good reason. At our request, the injured person must promptly authorize us to:
      (1) speak with any doctor who has treated him;
      (2) read all medical history and reports of the injury;
      (3) obtain copies of wage and medical reports and records; and
      (4) obtain copies of all medical bills as they are incurred.

   Failure to do the above precludes recovery under this coverage.

2. We require the insured to file suit against any and all liable parties to preserve and protect our subrogation rights. Failure to do so precludes recovery under this coverage.

3. The insured must obtain our written consent to:
   a) settle any legal action brought against any liable party; or
   b) release any party.

   Failure to do so precludes recovery under this coverage.

# Arbitration

If we and the insured disagree about the right to recover damages from the owner or driver of an underinsured motor vehicle or the amount of such damages:

1. After written demand for arbitration by either party, each will select a competent arbitrator. The two so selected will select a third competent arbitrator. Unless the insured and we agree otherwise, arbitration will take place in the county and state where the insured lived at the time of the accident.

2. If the third arbitrator is not selected within 30 days, the insured or we may request a judge of a court of record to name one. The court must be in the county and state in which arbitration is pending.

3. Each party will pay its chosen arbitrator. Each will pay half of the neutral arbitrator's expenses. Fees to lawyers and expert witnesses are to be paid by the party hiring them.

4. Arbitration shall be conducted in accordance with the provisions of the Pennsylvania Arbitration Act of 1927.

5. Discovery under arbitration should proceed in accordance with requirements of the Pennsylvania Rules of Civil Procedure unless both parties agree otherwise, with the chair of the arbitration panel resolving all disputes regarding discovery.

3   If more than one policy applies, the total limits applicable will be considered not to exceed the highest limit amount of any one of them.

4   When the Declarations show **you** have elected "Underinsured Motorists--Bodily Injury Stacked" coverage, the total limits applicable will be considered not to exceed the highest limit amount of any one of them for an **insured** other than **you** or a **relative**.

## DUPLICATE PAYMENT

We will make no duplicate payment to or for any **insured** for the same element of loss.

# _Assignability_

No interest in this coverage can be transferred without **our** written consent.   However, if the policyholder dies, this coverage will continue in force for the rest of the policy period.   It will apply to the following having proper custody of **your auto**:

1.   **your relatives**;

2.   **your heirs**;

3.   an appointed legal representative; or

4.   anyone else using **your auto** with the express permission of the legal representative.

*General Policy Conditions*

b) Prior to the expiration date of a policy term for which premium has been paid, we will mail a notice to the **policyholder** for the premium required to renew or maintain the policy in effect. We will mail this notice to the address last known to **us**.

c) All premiums, premium installment payments, and fees must be paid when due, whether payable directly to **us** or through any premium finance plan.

d) At the end of each 12-month period after the first effective date of the policy or any coverage, we will have the right to refuse to renew any coverage or the entire policy.

If we elect not to renew, we will mail notice to the **policyholder** 60 days in advance of the date when coverage will terminate. Such mailing to the last known address will be considered proof of notice.

5. **CANCELLATION DURING POLICY PERIOD**

The **policyholder** may cancel this policy or any of its coverages by mailing notice to **us** of the future date of cancellation desired. Premium refund, if any due will be made as soon as practicable after the date of cancellation. We will calculate any returned premium according to the rules, rates, fees and forms in effect and on file if required, for **our** use in **your** state.

If this policy or any coverage has been in effect less than 60 days, we have unlimited right of cancellation. We may cancel by mailing notice to the **policyholder** 15 days in advance of termination.

After any coverage of this policy has been in force 60 days, **our** right to cancel such coverage during the policy period is limited. We may cancel during an annual policy period:

a) If premiums, premium installment payments, or fees are not paid when due, whether payable directly to **us** or through any premium finance plan.

b) If the driver's license or **motor vehicle** registration of any named insured has been suspended or revoked during the policy period;

c) If it is determined that any **insured** has concealed a material fact, has made a material allegation contrary to fact, or has made a misrepresentation of a material fact and that such concealment, allegation or misrepresentation was material to the acceptance of the risk by **us**.

We must mail notice to the **policyholder**:

a) 15 days in advance of termination for nonpayment of premium.

b) 15 days in advance of termination for loss of license or of **motor vehicle** registration.

c) 60 days in advance of termination for concealment or misrepresentation.

In any case of cancellation by **us**, **our** mailing of notice to the **policyholder's** last known address or delivery of it to the **policyholder** will constitute proof of notice. We will retain premium for days covered during the policy period. Premium refund, if any due, will be made as soon as practicable. Mailing or delivery of **our** check will constitute tender of refund.

6. **DIVIDENDS**

The **policyholder** is entitled to any dividends which are declared by the Board of Directors and are applicable to coverages in this policy.

7. **IF YOU BECOME BANKRUPT**

Bankruptcy or insolvency of any **insured** will not relieve **us** of any obligation under the terms of this policy.

8. **UNAUTHORIZED USE OF OTHER MOTOR VEHICLES**

Protection in this policy does not apply to other **motor vehicles** which any **insured**:

a) uses without a reasonable belief that the **insured** is entitled to do so.

b) has stolen.

c) knows to have been stolen.

*General Policy Conditions* _____

### 13. UNLICENSED DRIVERS

Protection under this policy does not apply to the use of any **motor vehicle** when operated by an individual without a current valid operator's license.

## MUTUAL POLICY CONDITIONS

(Applicable only to policies issued by Nationwide Mutual Insurance Company--Nationwide Mutual Fire Insurance Company.)

If this policy is issued by Nationwide Mutual Insurance Company or Nationwide Mutual Fire Insurance Company, the **policyholder** is a member of the company issuing the policy while this or any other policy issued by one of these two companies is in force. While a member, the **policyholder** is entitled to one vote only--regardless of the number of policies issued to the **policyholder**--either in person or by proxy at meetings of members of said company.

The annual meeting of members of Nationwide Mutual Insurance Company will be held at the Home Office at Columbus, Ohio, at 10 a.m. on the first Thursday of April.  The annual meeting of members of Nationwide Mutual Fire Insurance Company will be held at the Home Office at Columbus, Ohio, at 9:30 a.m. on the first Thursday of April.  If the Board of Directors of either of the above companies should elect to change the time or place of meeting, that company will mail notice of the change to the **policyholder** at the address last known to it.  **The company** will mail this notice at least 10 days in advance of the meeting date.

This policy is non-assessable, meaning that the **policyholder** is not subject to any assessment beyond the premiums the above companies require for each policy term.

IN WITNESS WHEREOF: Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Property and Casualty Insurance Company, Nationwide General Insurance Company, or Nationwide Insurance Company of America, whichever is the issuing company as shown in the Declarations, has caused this policy to be signed by its President and Secretary, and countersigned as may be required by a duly authorized representative of **the company.**

*Patricia B. Hatler*          *Galen Barnes*
Secretary                                              President

Nationwide Insurance Companies/Home Office: Columbus, Ohio 43215-2220
Nationwide Mutual Insurance Company ● Nationwide Mutual Fire Insurance Company
Nationwide Property and Casualty Insurance Company ● Nationwide General Insurance Company
Nationwide Insurance Company of America

# EXHIBIT 2

WAGE LOSS STATEMENT

RE:    Janet Jacobs

Date of Accident: 8/21/04

1.    Date of Employment    10/6/76

2.    Earning wage on date of accident:    $70,548 annual, $2,713.39 bi-weekly, $271.34 daily

    (a) Hourly _____ (b) Weekly _____ (c) Monthly

3.    Number of hours per week    40

4.    Number of days per week    5

5.    Last date worked before the accident  8/20/04

6.    Date returned to work part-time    Still out

    (a) Number of hours worked per week   NA

7.    Date returned to work full-time    Still out

8.    Later absences from work including time off for doctor's appointments and physical therapy appointments

    (i.e. Date & number of hours absent)

    NA _____

    _____

    _____

9.    Total earnings during the previous year    $70,548

10.   Total number of overtime hours in six (6) months preceding the accident and the rate paid for overtime
NA

    (a) The rate paid for overtime:  NA

REMARKS:  As of 9/7/04 the above name have not returned to work. I will have to send you a update of totlat days absent and lein amount when she return to work.

Date information supplied:    9/7/04 _____

By whom supplied:    Orangee James

Company Name/Address/Phone: Baltimore City Public Schools  200 E. North Ave. Baltimore, Md 21202
    396/8883

Position or title of person supplying: H.R. Department Assistant

Signature of person supplying: _____

CITY OF BALTIMORE

MARTIN O'MALLEY, Mayor



BALTIMORE CITY PUBLIC SCHOOL SYSTEM

DEPARTMENT OF HUMAN RESOURCES
200 East North Avenue
Baltimore, Maryland 21202

9/7/04

Dear: Summerfield, Willen, Silverberg & Limsky:          REF: JANET JACOBS

As you know, the above-referenced employee is required to reimburse the school system in the amount of $ 3,798.76, for expenses advanced to the employee as a result of an injury caused by a third party.   Please make your check payable to the Director of Finance, Baltimore City Public School System.
I will send a update of lein when Ms Jacobs return to work.

Thank you for your anticipated cooperation in this matter.

Sincerely,

Brian K. Williams
Associate Counsel

BKW/oj
c:   Comp. Management Inc.

Printed on recycled paper with environmentally friendly soy based ink.

# CITY OF BALTIMORE

## ATTENDANCE RECORD    2004

EMPLOYEE NAME

AGENCY

SOCIAL SECURITY NUMBER

ENTRY DATE

### GENERAL INSTRUCTIONS

1. Using the CODES shown below, complete both sides of the "ATTENDANCE RECORD" on a regular basis.

2. Retain in employee's personnel file kept by the agency.

| | S | M | T | W | T | F | S | S | M | T | W | T | F | S | S | M | T | W | T | F | S | S | M | T | W | T | F | S | S | M | T | W | T | F | S | S | M | REMARKS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| JAN. | | | | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | | | |
| FEB. | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | | | | | | | | | |
| MAR. | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | | | | | | |
| APR. | | | | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | | | | |
| MAY | | | | | | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | |
| JUNE | | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | | | | | | |
| JULY | | | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | | | | |
| AUG. | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | | | | | | |
| SEPT. | | | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | | | | | |
| OCT. | | | | | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | | |
| NOV. | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | | | | | | | |
| DEC. | | | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | | | | |

Enter the appropriate attendance code in the proper date block. If the code applies to less than a full day, indicate the number of hours involved (for example, V-4).

## CODES FOR "ATTENDANCE RECORD" ONLY

V - Vacation
P - Personal leave
S - Sick leave
ES - Extended sick leave
A - Accident with pay
   (job - related injury only)
   (H/R or BE approved only)
A - Accident with pay
   (job - related injury only)
A5 - Accident with 1/2 day charge to sick leave
   (Local 44 only)

C - Compensatory leave used
H - Holiday (or substitution — note in 'remarks)
P - Absent with permission with pay
   (explain in 'remarks')
XP - Absent with permission without pay
   (explain in 'remarks')
X - Absent without permission without pay
J - Jury duty or court leave
B - Bereavement (death) leave
T - Travel leave (only)
/ - Lateness (only amount)
O - Regular day off

### REMARKS COLUMN
FMLA - mark days used
SB - mark use of days from sick bank
SD - mark use of BE approved sick leave donations

## PREVIOUS YEARS' TOTALS

| YEAR | ABSENT (S, X, & XP DAYS ONLY) | LATE |
|---|---|---|
| 2003 | | |
| 2002 | | |
| 2001 | | |

1400-40-4

28-1408 5151 (7/00)

# EXHIBIT 3

CULP VEHICLE



SASEK VEHICLE



Ready                                                                                                    NUM    Page 1 of 1

Start    Sonja L Bla...    CLASSPlus    CLASS - So...    Mail - Sonja...    SFLEs.doc -...    Logs for: Al...    Thumbnail ...    ImageID: ...    10:10 AM

SISCK    VEHICLE





MFD. BY HONDA OF AMERICA MFG., INC.  2/02
GVWR 4175LBS  GAWR F 2470LBS  R 2050LBS
THIS VEHICLE CONFORMS TO ALL APPLICABLE
FEDERAL MOTOR VEHICLE SAFETY, BUMPER,
AND THEFT PREVENTION STANDARDS IN EFFECT
ON THE DATE OF MANUFACTURE SHOWN ABOVE:
V.I.N. 19UA56743A005282
PASSENGER CAR





JACOBS VEHICLE

8/29/2004 2:10:24 PM

00OLYMP





1000LYMP

1000LYMP

8/29/2004 2:10:25 PM

# EXHIBIT 4

# STATE OF DELAWARE
## UNIFORM TRAFFIC COMPLAINT AND SUMMONS/VOLUNTARY ASSESSMENT

**OV A10897**
SUMMONS

COUNTY _Sussex_    CITY OR TOWN OF _Ocean View_

EXTENDED CORPORATE LIMITS OF _____

IN THE ___ JP6 ___ COURT OF _DE_

THE UNDERSIGNED, BEING DULY SWORN, UPON HIS OATH, DEPOSES AND SAYS:

| ON: MONTH | DAY | YEAR | DAY OF WEEK | HR. OF DAY | DATE OF ARREST |
|---|---|---|---|---|---|
| 08 | 04 | 04 | SAT | 05:41 | 08/14/04 |

NAME (LAST) _Sasek_ (FIRST) _Erika_ (MIDDLE INITIAL) _M_

STREET _____    PHONE _____

CITY _____    STATE _FL_    ZIP _____    HAZ MAT ☐    COMM. VEH ☐

| RACE | SEX | ETHNIC ORIG | DATE OF BIRTH | AGE | HAIR | EYES | HEIGHT | WEIGHT |
|---|---|---|---|---|---|---|---|---|
| W | F | NO | | | BRO | BRO | 5'03" | 120 |

DRIVER'S LIC. # _____    STATE _PA_    TYPE _____    EXPIRES _01/06_    SEAT BELT ☐

VEHICLE REG. # _____    STATE _F_    EXPIRES _____    ACCIDENT ☐YES ☐NO    CONT ☐    ☐NW ☐NA ☐OPER ☑PASS

| YEAR | MAKE | MODEL | COLOR | OWNER'S NAME |
|---|---|---|---|---|
| | | | | Kirk Sasek |

OWNER'S ADDRESS _____

**VIOLATION #1** DID UNLAWFULLY OPERATE A MOTOR VEHICLE AT:

STREET/ROUTE _____    DISTANCE _____    DIRECTION _N_    TOWN _Ocean View_

AND DID THEN AND THERE COMMIT THE FOLLOWING OFFENSE

SPEED: ___ MPH. IN A ___ MPH. ZONE, CHECKED BY _____

**OTHER (DEFINE)** _Disregard Stop Sign_

1ST OFFENDER ELIGIBLE ☐YES ☐NO ☐UNK.    BAC ___% UNK    CHEMICAL TEST GIVEN ☐YES ☐NO    IMPLIED CONSENT    INTOX ☐ BLOOD ☐ URINE ☐ PENDING    TEST NO. _____

IN VIOLATION OF    ☑STATE STATUTE    ☐LOCAL/ORDINANCE

| SECTION ORD. | TITLE | DMV | EQUIP | L & R | PED | OTHER | GRID # |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| FINE | VICT. COMP | VPF | COSTS | AMT. DUE | DATE DUE |
|---|---|---|---|---|---|
| $ | $ | | $ | $ 45.50 | 09/21/04 |

| PLEA | VERDICT | DATE | FINE | VICT. COMP | VPF | COSTS |
|---|---|---|---|---|---|---|
| | | | $ | $ | | $ |

| CLERK | RECEIPT | DISPOSITION |
|---|---|---|
| | | |

CASE # _____    JUDGE/COMMISSIONER _____    COURT # _____

**VIOLATION #2** DID UNLAWFULLY OPERATE A MOTOR VEHICLE AT:

STREET/ROUTE _____    DISTANCE _____    DIRECTION _____    TOWN _____

AND DID THEN AND THERE COMMIT THE FOLLOWING OFFENSE

## VIOLATION #2

IN VIOLATION OF    ☐STATE STATUTE    ☐LOCAL/ORDINANCE

| SECTION ORD. | TITLE | DMV | EQUIP | L & R | PED | OTHER | GRID # |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| FINE | VICT. COMP | VPF | COSTS | AMT. DUE | DATE DUE |
|---|---|---|---|---|---|
| $ | $ | | $ | $ | |

| PLEA | VERDICT | DATE | FINE | VICT. COMP | VPF | COSTS |
|---|---|---|---|---|---|---|
| | | | $ | $ | | $ |

| CLERK | RECEIPT | DISPOSITION |
|---|---|---|
| | | |

CASE # _____    JUDGE/COMMISSIONER _____    COURT # _____

| OFFICER | I.D. # | TROOP/AGENCY | SPECIAL UNIT |
|---|---|---|---|
| | | 85 | |

Under penalties of perjury, I declare the information contained in this Summons has been examined by me and is to the best of my knowledge and belief **true** and correct.

---

SWORN AND SUBSCRIBED TO BEFORE ME, THIS

___ DAY OF _____ 20__

JUDGE OR COMMISSIONER

## DIRECTIONS
### READ CAREFULLY

The undersigned, in order to fulfill the requirements of this Complaint and Summons, must follow the instructions on this form. If you FAIL TO COMPLY with this summons, your DRIVER'S LICENSE WILL BE SUSPENDED and a WARRANT FOR YOUR ARREST may be issued.

## VOLUNTARY ASSESSMENT

☑ By checking this block, I indicate my desire to plead guilty to the stated charge(s). To plead GUILTY, I UNDERSTAND THAT I MUST PAY THE TOTAL AMOUNT DUE.

$ _45.50_

to the VOLUNTARY ASSESSMENT CENTER by the court due date (see below), or my driving privileges will be suspended. SEE INSTRUCTIONS ON BACK. To plead NOT GUILTY, I must notify the VOLUNTARY ASSESSMENT CENTER in writing prior to the court due date

## MANDATORY APPEARANCE

☐ I UNDERSTAND THAT I MUST APPEAR AT THE COURT INDICATED BELOW ON THE COURT DUE DATE (See Below)

## SEE INSTRUCTIONS ON BACK

SIGNATURE-By signing, I acknowledge receipt of this summons

X _____

**COURT DUE DATE** _09/21/04_

### Make check/money order payable to:

☑ State of Delaware

☐

☑ Voluntary Assessment Center
P.O. Box 7039
Dover, DE 19903
(302) 739-6911

☐ Court # _____
Address: _____

City: _____ DE

Zip: _____

Phone: (302) _____

# EXHIBIT 5

☐ REPORTABLE PROPERTY DAMAGE
☐ NON - REPORTABLE
☐ LATE REPORT
☒ PERSONAL INJURY
☐ HAZ/MAT.
☐ FATALITY
☐ COMM. VEH.

**STATE OF DELAWARE**
**UNIFORM TRAFFIC**
**COLLISION REPORT**

TROOP/DEPARTMENT: Ocean View

COMPLAINT NO. 208-04-08

| 3. MON. - DATE - YEAR | 4. DAY | 5. TIME OCCURRED | 6. NOTIFIED | 7. ARRIVED | 8. | 9. SECTOR | 12. |
|---|---|---|---|---|---|---|---|
| 08 / 21 / 04 | SAT | 1341 | 1341 | 1343 | 216 / 068 | 44 | LIGHT CONDITION 18 |

10. NUMBER & NAME OF STREET OR HIGHWAY - CTY. RTE. NO. - INTERSECTING WITH STREET OR ROAD - CTY. RTE. NO.
WEST AVE (CR-361) ● ATLANTIC AVE (SR-26)

13. WEATHER CONDITION 22

11. NON INTERSCT. _____ FEET N E S W OF:   MILES N E S W OF: N/A

14. CONDITION 27

| 16. PRIM. CONTRIB. CIRCUM. 10 | 8. SPEED TOO FAST 9. FAIL TO YIELD ROW 10. PASSED STOP SIGN | 11. DISREGARD TRAFFIC SIGNAL 12. DROVE LEFT OF CENTER 13. IMPROPER PASSING | 14. FOLLOWING TOO CLOSE 15. MADE IMPROPER TURN 16. DRIVING UNDER INFLUENCE | 17. MECH. DEFECT |
|---|---|---|---|---|

| 17. COLLISION INVOLVED 37 | ON RDWY. 1 | EMERG. RESPON. 2 | N E S W MILES N E S W | V IN: CITY OR TOWN OCEAN VIEW | 20. TRAFFIC CONTROL 1 | 23. FUNCT. PROPER 1 |
|---|---|---|---|---|---|---|

| 24. NAME NO. 1 LAST SASEK | FIRST ERIKA | M.I. M | 21. CTY. S | 22. CODE 21 | MILE POINT |
|---|---|---|---|---|---|

25. STREET ADDRESS 3516 IDLEWOOD DR.
24. NAME NO. 2 LAST JACOBS FIRST CARL PAUL M.I.

| 26. CITY ERIE | 27. STATE PA | 28. ZIP 16510 | 29. PHONE 814-572-3680 | 25. STREET ADDRESS 2 TANNER CT |
|---|---|---|---|---|

| 30. DRIVERS LICENSE NO. 2566 7500 | 31. STATE PA | 32. DOB 01/13/79 | 33. AGE 25 | 34. SEX M(F) | 26. CITY BALTIMORE | 27. STATE MD | 28. ZIP 21208 | 29. PHONE 410-484-3340 |
|---|---|---|---|---|---|---|---|---|

| 35. SOBRIETY 48 | 36. TESTED 2 | 37. TYPE 4 | RESULT 0. N/A % | TEST NUMBER N/A | 30. DRIVERS LICENSE NO. J-212-108-676-539 | 31. STATE MD | 32. DOB 07/07/46 | 33. AGE 58 | 34. SEX M F |
|---|---|---|---|---|---|---|---|---|---|

| 38. VEHICLE YR. 1997 | 39. VEHICLE MAKE CHEVROLET | 40. MODEL CAVALIER | 41. BODY STYLE 56 | 35. SOBRIETY 48 | 36. TESTED 2 | 37. TYPE 4 | RESULT 0. N/A % | TEST NUMBER N/A |
|---|---|---|---|---|---|---|---|---|

| 42. REGISTRATION NO. EPR 0682 | 43. STATE PA | 44. COLOR BLUE | 45. DAMAGE $ 10,000.00 | 46. TRAILERS (0) 1 2 3 | 38. VEHICLE YR. 2003 | 39. VEHICLE MAKE ACURA | 40. MODEL TL 3.5 | 41. BODY STYLE 56 |
|---|---|---|---|---|---|---|---|---|

| 47. VEHICLE/TRACTOR OWNER: LAST SASEK | FIRST KIRK | M.I. | 42. REGISTRATION NO. KCC 884 | 43. STATE MD | 44. COLOR WHITE | 45. DAMAGE $ 8,000.00 | 46. TRAILERS (0) 1 2 3 |
|---|---|---|---|---|---|---|---|

| 48. STREET SAME AS ABOVE | CITY | STATE | 47. VEHICLE/TRACTOR OWNER: LAST S A M E | FIRST | M.I. |
|---|---|---|---|---|---|

| 49. INSURANCE COMPANY NATIONWIDE | NUMBER 5437 B 587326 | 48. STREET S A M E | CITY | STATE |
|---|---|---|---|---|

| 50. CHARGE/SECTION NO. 21/4164a | 51. ARREST NO. OVA 10897 | 49. INSURANCE COMPANY ENCOMPASS | NUMBER US 101959354 |
|---|---|---|---|

| 52. NO. 1 TOWED BY: BENNETT'S TO: BENNETT'S YARD | 50. CHARGE/SECTION NO. N/A | 51. ARREST NO. N/A |
|---|---|---|

| 1. REAR | 2. PASSING | 3. ANGLE | 4. RIGHT TURN | 5. RIGHT TURN | 11. OTHER |
|---|---|---|---|---|---|

52. NO. 2 TOWED BY: BENNETT'S TO: BENNETT'S YARD

| 6. HEAD ON | 7. SIDESWIPE | 8. INDICATE OBJECT | 9. LEFT TURN | 10. LEFT TURN |
|---|---|---|---|---|

CODE | 55. WITNESS INFORMATION: (NAME, ADDRESS, PHONE NO., LOCATION)

W-1 DONALD J. RETHAGE DOB 5-3-57
12 BOYER RD OCEAN VIEW, DE 19970  381-8005

☆ FOR NARRATIVE SEE CONTINUATION SHEET ☆

**GENERAL**
1. YES
2. NO
3. UNKNOWN
4. N/A
5. PENDING
6. NONE
7. OTHER

**17. COLLISION INVOLVED**
37. MV IN TRANSPORT
38. NON-COL. OVERTURN
39. MV ON OTHER RDWY
40. PEDESTRIAN
41. PARKED VEHICLE
42. RAILROAD TRAIN
43. PEDALCYCLIST
44. ANIMAL
45. FIXED OBJECT*
46. OTHER OBJECT*
47. OTHER NON-COLLIS

**12. LIGHT COND.**
18. DAYLIGHT
19. DAWN/DUSK
23. DARK LIT
21. DARK/UNLIT

**13. WEATHER**
22. CLEAR
23. RAIN
24. SNOW/SLEET
25. FOG
26. CLOUDY

**35. SOBRIETY**
48. NOT DRINKING
49. HBD NOT IMPAIRED
50. HBD IMPAIRMENT UNK
51. UNDER THE INFLUENCE

**14. SURFACE**
27. DRY
28. WET
29. SNOWY
30. ICY

52. PBT
53. BREATH
54. BLOOD } 37. TYPE
55. URINE

**15. CONTROLS**
31. STOP SIGN
32. STOP & GO LIGHT
33. YIELD SIGN
34. WARNING SIGN
35. LANE MARKINGS
36. FLASHING LIGHT

**41. BODY STYLE**
56. PASSENGER CAR
57. PICK-UP TRUCK
58. VAN/PANEL TRUCK
59. FARM VEHICLE
60. MOTORCYCLE
61. BUS
62. SCHOOL BUS
63. 6 WHEEL TRUCK
64. 10 WHEEL TRUCK
65. TRACT & SEMI. TR.(S)

INVESTIGATING OFFICER: JUSTIN W. NORMAN   RANK PTLM   I.D. NUMBER 936-8
57. SUPERVISOR'S APPROVAL DATE 08/30/04
58. REVIEWER 936-2
438 REV. 1/88

| 60. CONTINUATION | | STATE OF DELAWARE | 1. | 2. |
| 80. SUPPLEMENT | | UNIFORM TRAFFIC | |
| INITIAL REPORT DATE | | COLLISION REPORT | OCEAN VIEW |
| OPERATOR #1 | | CONTINUATION/SUPPLEMENT | TROOP/DEPARTMENT |
| OPERATOR #2 | | | |

**COMPLAINT NUMBER 85-04-842**

| CODE | 55. |

# ☆ NARRATIVE ☆

V-1 WAS TRAVELING NORTH ON WEST AVE (CR-361). V-2 WAS TRAVELING EAST ON ATLANTIC AVE (SR-26), V-3 WAS TRAVELING WEST ON ATLANTIC AVE. V-1 FAILED TO STOP AT THE STOP SIGN AT WEST AVE AND ATLANTIC AVE, WHICH RESULTED IN V-1 FRONT END STRIKING THE PASSENGER'S SIDE FRONT DOOR OF V-2, CAUSING POI #1. AFTER THE COLLISION, V-1 BEGAN TO SPIN IN A CLOCKWISE MOTION, WHILE V-2 SLID ACROSS THE INTERSECTION IN A NORTH EAST DIRECTION. V-2, WHILE IN THE SLIDING MOTION, STRUCK AN "ADOPT A HIGHWAY" SIGN, CAUSING POI #2. V-2 SHORTLY CAME TO A STOP THEREAFTER, FOR ITS FRP. V-1 CONTINUED TO SPIN CLOCKWISE UNTIL ITS LEFT REAR BUMPER STRUCK THE FRONT END OF V-3, FOR POI #3. THIS WAS BOTH V-1'S AND V-3'S FRP. W-1 RETHAGE ADVISED HE SAW V-1 ENTER THE INTERSECTION WITHOUT STOPPING AT THE STOP SIGN, CAUSING V-1 TO STRIKE V-2. UPON ARRIVAL, V-1'S OPERATOR ADVISED ME THAT "IT'S MY FAULT, I RAN THE STOP SIGN." FIRE-RESCUE PERSONNEL HAD TO EXTRICATE BOTH PASSENGERS OF V-1 AND V-2. ALL OCCUPANTS OF V-1 AND V-2 WERE TRANSPORTED TO BEEBE MEDICAL CENTER FOR EVALUATION VIA AMBULANCES. I REPORTED TO BMC TO CHECK ON THE STATUS OF THE PATIENTS.

I SPOKE WITH THE OPERATOR OF V-1, ERIKA SASEK, AND ISSUED HER SUMMONS # CNA 10897 FOR DISREGARDING A STOP SIGN. I THEN RETURNED TO THE TOWN LIMITS OF OCEAN VIEW.

MEASUREMENTS FOR THE COLLISION CAN BE FOUND ON THE ATTACHED TABLE OF MEASUREMENTS.

| INVESTIGATING OFFICER | RANK | I.D. NUMBER | 57. SUPERVISOR'S APPROVAL DATE | 58. REVIEWER | 59. |
| JUSTIN W. NORMAN | PTLM. | 936-8 | | | PAGE 4 OF 5 |

RM 439 A REV. 10/87

TABLE OF MEASUREMENTS

FATAL ACCIDENT #
COMPLAINT # 85-04-89
PAGE 5 of 5

| POINT | NORTH | SOUTH | EAST | WEST |
|---|---|---|---|---|
| POINT OF IMPACT #1 | | 25.9 | 24.6 | |
| POINT OF IMPACT #2 | | 9 | 102 | |
| POINT OF IMPACT #3 | | 7.7 | 44 | |
| FRP VEHICLE #1 Right Front | | 5.9 | 31.1 | |
| FRP VEHICLE #2 Right Rear | | 4 | 114 | |
| FRP VEHICLE #3 Right Front | | 8.7 | 47.3 | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

0052382144

| 1st Coverage | | | 2nd Coverage | |
|---|---|---|---|---|
| Adjuster Number | | | Adjuster Number | |
| Loss Payment | | | Loss Payment | |
| Expense Payment | | | Expense Payment | |
| Deductible | | | Deductible | |
| Reimbursement | | | Reimbursement | |
| Total Paid | | | Total Paid | |
| **Coding** | | | **Coding** | |
| Salvage | | | Salvage | |
| Subrogation | | | Subrogation | |
| Chargeable | | | Chargeable | |
| Drive -In | | | Drive -In | |
| Loss Cause | | | Loss Cause | |
| Type of Loss | | | Type of Loss | |
| Full  or  Partial  Payment | | | Full  or  Partial  Payment | |
| TIN/SNN | | | TIN/SSN | |
| **Property** | | | **Property** | |
| IM  Loss  Location | | | IM  Loss  Location | |
| Intensified      Appraisal | | | Intensified      Appraisal | |

| RO | ST | PR | Policy Number | Loss Date | S | CO | Name of insured | Claim Number |
|---|---|---|---|---|---|---|---|---|
| 54 | 37 | B | 587306 | 8\21\04 | | | Sissik | |

Payee Name: _Oceanview_          Amount: _18.50_

A-7500-3G-52