IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CARL P. JACOBS and JANET JACOBS, | : | |
| Plaintiffs, | : : : | |
| v. | : : | Civil Action No. 06-487-*** |
| ERIKA M. SASEK and KIRK SASEK, | : : : | |
| Defendants. | : | |

**AMENDED SCHEDULING ORDER**

This **6th** day of **March**, **2007**, the Court having conducted a scheduling conference on March 5, 2007, the Scheduling Order of November 22, 2006 (D.I. 14) is amended as follows:

    3.    <u>Discovery</u>

        d.    <u>Disclosure of Expert Testimony</u>.  The parties have agreed that Plaintiffs shall file their initial Federal Rule of Civil Procedure 29(a)(2) disclosure of expert testimony on or before **June 30, 2007**, and Defendants shall filed their initial Federal Rules of Civil Procedure 29(a)(2) disclosure of expert testimony on or before **August 31, 2007**; and they shall file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party thirty days before the date for the completion of discovery.  <u>Along with the submissions of the expert reports</u>, the parties shall advise of the dates and times of their experts' availability for deposition.

To the extent any objection to expert testimony is made pursuant to the

principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later **November 16, 2007** and briefing shall be limited to ten (10) pages on opening and answering memoranda and five (5) pages for reply memorandum unless otherwise ordered by the Court.

   e. <u>Discovery Disputes</u>. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

   7. <u>Interim Status Report</u>. On **August 29, 2007**, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

   8. <u>Status Conference</u>. On **September 5, 2007**, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at **9:00 a.m.**

Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

9. Case Dispositive Motions. Counsel have agreed that case dispositive motions in this matter are not necessary and no case dispositive motions shall be filed.

11. Pretrial Conference. On **February 14, 2008** the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at **9:00 a.m.** Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before **February 1, 2008**.

12. Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon and shall be consistent with the Final Pretrial and Trial Management Order.

13. Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is

to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

    14.    <u>Trial</u>. This matter is scheduled for a **3 day jury** trial beginning at 9:30 a.m. on **March 10, 2008** with the remaining trial days beginning at 9:00 a.m. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of **7 ½** hours to present their case.

_____
UNITED STATES MAGISTRATE JUDGE